## John Owen *versus* John Daniels.

A recognizance entered into by a party, conditioned " *to prosecute with effect an appeal, made by him at the Court of Common Pleas,*" at the next Supreme Judicial Court, when the statute in force at the time required that the party appealing should recognize " *to prosecute his appeal, and to pay all such costs as may arise in such suit after such appeal,*" not conforming to the provisions of the statute, is void as a statute recognizance.

It is denied, that a recognizance to prosecute an appeal is good here at common law.

If however it should be considered that the recognizance is good so far as it conforms to the statute, a condition " to prosecute his appeal," is performed by entering the action at the next Supreme Judicial Court, and afterwards becoming nonsuit.

Scire Facias on a recognizance. The declaration set forth that Nathan Foster, since deceased, as principal, and the defendant as his surety personally appeared before the Court of Common Pleas for the County of Oxford, on February 1, 1835, and acknowledged themselves to be indebted to the plaintiff in the sum of one hundred dollars, " if default should be made in the performance of the condition of said recognizance, which condition was, namely, that if the said Foster should at the Supreme Judicial Court, which was to be holden at Paris on the third Tuesday of May then next, prosecute with effect an appeal made by him at the Court of Common Pleas held in and for said county of Oxford, at Paris, on the fourth Tuesday of January, 1835, from a judgment then obtained against him by the said Owen, then said recognizance should be void and of none effect, otherwise to remain in full force;" that the recognizance was duly entered into before the clerk; that " Foster did enter said appeal at the said next Supreme Judicial Court, and afterwards became deceased;" that administration was taken out on his estate ; that the administrator came in ; " and that such proceedings were had in said action, that the plaintiff became nonsuit, and at the May term, 1838, the said Owen had judgment for his costs;" and that execution issued, and was returned unsatisfied.

The defendant demurred, generally, to the declaration.

Owen *v.* Daniels.

*G. F. Emery,* in support of the demurrer, contended that the declaration was defective in substance in six different particulars, of which the last, and only one examined by the Court, was this.

6. The recognizance is fatally defective in itself.

It is so, because the Court did not order that Foster, the principal, should recognize in any sum. This should appear in the recognizance, but it does not so appear there, or in any part of the declaration.

And more especially, because the recognizance is not such as the statute authorizes and requires.

Appeals are regulated solely by statute; and if the recognizance to prosecute the appeal is not regular, and in conformity to the statute provisions, it is absolutely void. The Rev. Stat. c. 97, § 14, provides, that " the party appealing, before such appeal shall be allowed, shall recognize with sufficient surety or sureties to the adverse party, in such sum as the Court shall order, to prosecute his appeal with effect, *and pay all intervening damages and costs.*" The Stat. 1829, c. 444, which was the one in force at the time of this appeal, provides, that the party appealing, " before the allowance of such appeal, shall recognize with sufficient surety or sureties to the adverse party, in a reasonable sum, to prosecute his appeal, *and to pay all such costs as may arise in such suit after such appeal.*" The condition of the recognizance declared on, is merely, if Foster should, at the next Supreme Judicial Court, " prosecute with effect his appeal" from the Court of Common Pleas, then the recognizance should be void. There is no provision in this recognizance to pay " *all such costs as may arise in such suit after such appeal.*" The action therefore cannot be maintained. *Harrington* v. *Brown,* 7 Pick. 232.

*Codman & Fox,* for the plaintiff, contended that the declaration was good. The language of the act is, *to prosecute his appeal and pay all costs.* The recognizance is to *prosecute his appeal with effect.* So far as it goes therefore, it is in accordance with the statute, but does not in words go the length

of it. The amount of the defendant's objection therefore is, that the recognizance is not as onerous on him as it should be. If the plaintiff chooses to waive one of the terms of the recognizance, it does not lie in the defendant's mouth to object. The case cited from 7 Pick. seems to admit, that a recognizance is valid for that portion, which was within the statute.

The opinion of the Court was drawn up by

SHEPLEY J. — This is a writ of *scire facias* upon a recognizance set forth in the declaration; to which there is a general demurrer. What the recognizance actually taken was, can be known to the Court only by the allegations in the declaration; for it is not set forth in *haec verba* in the pleadings. The allegation is, that the principal was required by it to " prosecute with effect an appeal made by him at the Court of Common Pleas, held in and for said county of Oxford, at Paris, on the fourth Tuesday of January, 1835." The statute requiring the recognizance, c. 444, provided, that the party appealing should recognize " to prosecute his appeal, and to pay all such costs as may arise in such suit after such appeal." The statute does not authorize it to be taken to prosecute the appeal " with effect;" and does require it to be taken " to pay all such costs as may arise in such suit after such appeal." It is not therefore in words such an one, as the statute either authorizes or requires. The legal effect of a recognizance to prosecute an appeal with effect is different from that of one to prosecute an appeal. In *Barnes* v. *Worlich*, Yelv. 59, it is said, " to prosecute *cum effectu* is to follow the suit till judgment." The same case is reported in Cro. Jac. 67, under the name of *Worlich* v. *Massy*, where it is said, " if the recognizance should be only *ad comparendum et prosequendum cum effectu*" it is " only to prosecute without being nonsuited, or using delay." In *Covenhoven* v. *Seaman*, 2 Caines' Cas. 322, it was decided, that a recognizance to appear and his suit " prosecute with effect" was forfeited by the party submitting to a nonsuit.

In the *State* v. *Richardson*, 2 Greenl. 115, it was decided that a recognizance requiring, that "he should appear and prosecute his appeal at the said Court, and should abide the order of the said Court thereon, and not depart without license," was fully satisfied· by his appearing, entering his appeal, having it continued, and abiding during that time; and the Court say, "this was all he engaged by his recognizance to do." In the case of *Paul* v. *Nowell*, 6 Greenl. 239, the recognizance appears to have been taken by virtue of the act of 1822, c. 193, § 4, and there is no intimation, that the language of the recognziance did not conform to that of the statute, which was the same, as that of the statute, on which this was taken; and the Court say, "as the defendant did not enter and prosecute his appeal the condition of the recognizance was broken." And the case also decided, that there could be no hearing in chancery after the forfeiture, and that judgment must be entered for the whole penalty. And until after the passage of the act of 1831, c. 497, the result was, that, when a party forfeited his recognizance by becoming nonsuit if taken to prosecute with effect, he must pay the whole penalty, and could not be relieved by paying the cost arising after the appeal. While such would not be the result when he entered the suit and it was continued, if the recognizance provided only that he should prosecute his appeal and pay the costs after appeal. Possibly this may account for the fact, that the statutes have provided for a long course of years in case of appeals from the Circuit Court of Common Pleas, and Court of Common Pleas, and District Court, that the recognizances should provide, that the party should prosecute his appeal and pay the cost, arising after the appeal. *Vide.* Acts of June 21, 1811; February 20, 1814; February 4, 1822, c. 193; March 4, 1829, c. 444; February 25, 1839, c. 373. While in cases of appeal from a justice of· the peace, and in most other cases, recognizances have been required to prosecute the appeal with effect. And it is so in Rev. St. c. 97, § 14.

The recognizance set forth or described in the declaration cannot therefore be considered as taken according to the pro-

visions of the statute. In the case of *Regina* v. *Ewers*, 2 Salk. 564, it was decided, that one not in conformity to a statute was not good as a statute recognizance, but was good at common law. The doctrine in that country has been, that any Judge might take a recognizance at common law, in term, or out of term, in any county. *Fanshaw* v. *Morrison*, 2 Ld. Raym. 1140 ; 2 Saund. 8. (b.) n. 5. It is believed, that no power not granted by staute for such a purpose is admitted here. *Harrington* v. *Brown*, 7 Pick. 232. If however it should be considered, that the recognizance in this case is good, so far as it conforms to the provisions of the statute, the result is, that it only provides, that the party shall prosecute his appeal. The part, which provides, that he shall do it with effect, was not authorized by the statute. The provision, that he shall pay the costs arising since the appeal, is omitted. The declaration states, that "said Foster did enter said appeal," and that it was prosecuted by him and by his administrator after his decease until the May term of this Court, 1838. And there is nothing left in the recognizance obligatory on the defendant and unperformed. The declaration exhibits therefore no legal cause of action ; and it is not necessary to decide the other points made in the case.

*Declaration adjudged bad.*

*Mem.* — TENNEY J. did not sit in the determination of this case.